IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS<br>AS SUBROGEE OF KEVIN LEWIS<br>AND MICHELLE LEWIS | § § § § | |
| VS. | § § | CIVIL NO. 1:25-CV-228-RP |
| UPONOR NORTH AMERICA, INC. D/B/A<br>UPONOR AND UPONOR, INC.<br>D/B/A UPONOR | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. STATE FARM LLOYDS AS SUBROGEE OF KEVIN LEWIS AND MICHELLE LEWIS, Plaintiff herein, files this Plaintiff's First Amended Complaint complaining of UPONOR NORTH AMERICA, INC. DBA UPONOR and UPONOR, INC. DBA UPONOR, Defendants herein, and for cause of action, Plaintiff shows:

### I. PARTIES

2. Plaintiff, STATE FARM LLOYDS AS SUBROGEE OF KEVIN LEWIS AND MICHELLE LEWIS, is an association of underwriters authorized to do business as a "Lloyds Plan" insurer in Texas.

3. Defendant, UPONOR NORTH AMERICA, INC. DBA UPONOR, is a Delaware Corporation who has made an appearance and is being served by and through counsel of record.

4. Defendant, UPONOR, INC. DBA UPONOR, is an Illinois Corporation who can be served by and through its registered agent, National Registered Agents, Inc., 1999 Bryan

St., Ste 900, Dallas, Texas 75201, or wherever this defendant may be found.

5.      Defendants, UPONOR NORTH AMERICA, INC. DBA UPONOR and UPONOR, INC. DBA UPONOR ("UPONOR" or "Defendant(s)" herein), were, at the time of this occurrence, and are now engaged in the business of designing, manufacturing, distributing, marketing, and selling PEX pipe to and for use by members of the general public in Texas.

### III. JURISDICTION

6.      The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

### IV. VENUE

7.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantive part of the events or omissions giving rise to this claim occurred in this district.

### V. FACTS

8.      On November 27, 2022, a water loss occurred at the Lewis property located at 14109 Sawyer Ranch Rd., Austin, Hays County, Texas 78737, when a PEX pipe failed and leaked water. The PEX pipe was designed, manufactured, and sold by Defendant(s).

### VI. COUNT 1 - STRICT LIABILITY DESIGN DEFECT

9.      Plaintiff alleges that the PEX pipe was defective and unsafe for its intended purposes at the time it left the control of Defendant(s), at the time it was sold, and at the time it was installed. The product was defectively designed and unreasonably dangerous

to Plaintiff in that the defective design caused the PEX pipe to fail and leak water into Plaintiff's insureds' property. Therefore, Plaintiff invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2nd, and as adopted by the Supreme Court of Texas. Further, Plaintiff alleges that the defect in design was a producing cause of the damages set forth below.

## VII.  COUNT 2 - STRICT LIABILITY MANUFACTURING DEFECT

10. In addition, or in the alternative, the product was defectively manufactured and unreasonably dangerous to Plaintiff in that the defect caused the PEX pipe to fail and leak water into Plaintiff's insureds' residence. Therefore, Plaintiff invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2nd, and as adopted by the Supreme Court of Texas. Further, Plaintiff alleges that the manufacturing defect was a producing cause of the damages set forth below.

## VIII.  COUNT 3 - NEGLIGENCE - PRODUCT LIABILITY

11. In addition, or in the alternative, Plaintiff alleges that the defect in design, manufacturing defect, and/or marketing defect was a proximate and/or producing cause of the damages set forth below. Plaintiff will show that the PEX pipe was used in a manner that was or could have been easily anticipated by Defendant(s), and damages resulted. The water event and resulting damages were caused by defect(s) in the design, manufacturing, and/or marketing of the product.

12. Plaintiff alleges that Defendant(s) were negligent in designing, manufacturing,

and/or marketing the pex pipe in the following respects:

a)   Failing to design the PEX pipe so that it would operate properly and withstand normal usage;

b)   Failing to manufacture the PEX pipe so that it would operate properly and withstand normal usage;

c)   Failing to provide adequate warnings and/or sufficient notice to Plaintiffs that the PEX pipe could not withstand normal use due to foreseeable contact with chlorine and chloramine found in potable water;

d)   Failing to supply the installer with adequate instructions or warnings that the PEX pipe could not withstand normal use due to foreseeable contact with chlorine and chloramine found in potable water;

e)   Failing to design the PEX pipe to withstand foreseeable contact with chlorine and chloramine found in potable water;

f)   Failing to manufacture the PEX pipe to withstand foreseeable contact with chlorine and chloramine found in potable water;

g)   Failing to design and/or manufacture the PEX pipe in a reasonable and prudent manner;

h)   Failing to issue a recall of the product;

i)   Failing to adequately and properly inspect the product, which inspections would have revealed the dangerous condition(s);

j) Failing to adequately and properly test the product, which tests would have revealed the dangerous condition(s);

k) Failing to adequately remedy issues found during inspections or testing, which remedies would have prevented the dangerous condition(s);

l) Continuing to manufacture and distribute the product when Defendant knew or should have known it had dangerous condition(s);

m) Failing to use proper materials in designing and manufacturing of the product; and/or

n) By otherwise failing to use due care under the circumstances.

13. Each and all of the foregoing acts and omissions, taken singly or in combination, were a proximate cause of the Plaintiff's damages as set forth below.

## IX.  COUNT 4 - *RES IPSA LOQUITOR*

14. In the event Plaintiff cannot more specifically identify the acts of negligent manufacture and/or design on the part of Defendant(s), for the reason that facts in that regard are peculiarly within the knowledge of Defendant(s), and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent design and/or manufacture, Plaintiff relies on the doctrine of res ipsa loquitur.  Plaintiff will show that the design and/or manufacture of the PEX pipe was within the exclusive control of Defendant(s).  Plaintiff, and Plaintiff's insureds, had no means of ascertaining the method or manner in which the product was designed or manufactured, and it came into Plaintiff's insureds' possession

in the same condition it was in when it left the control of Defendant(s). The occurrence causing harm to Plaintiff's insureds, as described herein, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendant(s). Therefore, Defendant(s) were negligent in the design and/or manufacture of the PEX pipe, which negligence was a proximate cause of the damages sustained by Plaintiff's insureds.

## X. COUNT 5 - CHAPTER 82 - CPRC

15.     In the event it is found that the part that failed was made by a manufacturer that is not subject to the jurisdiction of this Court, then Defendant(s) should be held strictly liable for Plaintiff's damages as a non-manufacturing seller pursuant Chapter 82 of the Civil Practices & Remedies Code.

## XI. DAMAGES

16.     As a proximate and producing result of Defendant(s)' negligence, the Lewis property sustained damage. After receiving due proofs of loss, the insurance company for Kevin Lewis and Michelle Lewis, STATE FARM LLOYDS, paid for damages sustained by its insureds as a result of the incident. STATE FARM LLOYDS is exercising its rights to contractual and equitable subrogation by filing this lawsuit against Defendant(s). Therefore, Plaintiff's damages total $266,227.06, an amount which is in excess of the minimum jurisdictional limits of the Court and includes the insureds' deductible of $5,000.00.

XII.

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have:

a) Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court;

b) Pre-judgment interest at the highest interest rate allowable by law from the date suit was filed, until judgment;

c) Post-judgment interest at the highest interest rate allowable by law;

d) Costs of suit; and

e) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

THE GARNER LAW FIRM

By:   /S/ MATTHEW R. CHANEY
      MATTHEW R. CHANEY
      TBA #24012411
      E:MAIL: mchaney@texassubro.com
      7660 Woodway, Suite 250
      Houston, Texas 77063
      (713) 952-0122
      (713) 952-1660 FAX

      ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record by electronic filing manager and/or by mail and/or by facsimile and/or by email and/or by personal delivery on this the 25th day of February, 2025.

/s/ MATTHEW R. CHANEY
_____
MATTHEW R. CHANEY

**VIA ELECTRONIC SERVICE**
Mark A. Cooper
Ryan D. Vereen
NAMAN HOWELL, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
E-Mail: mcooper@namanhowell.com
E-Mail: rvereen@namanhowell.com
**ATTORNEYS FOR DEFENDANT,
UPONOR NORTH AMERICA, INC.**